MICHAEL SCOTT WARD d/b/a )
FEREDONNA COMMUNICATIONS, )
WEDO FUNDRAISING, INC., and )
PRINTVENTURE, INC., )
                                           )
        Plaintiff, )
                                           )     No. 3:11-CV-438
                                           )     (VARLAN/SHIRLEY)
V. )
                                           )
KNOX COUNTY BOARD OF EDUCATION, )
KNOX COUNTY, TENNESSEE, )
SCOTT BACON, MARY KERR, and )
WALSWORTH PUBLISHING CO., INC., )
                                           )
        Defendants. )

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the order of the District Judge [Doc. 69] referring Defendant Scott Bacon's Motion to Compel [Doc. 68] to the undersigned for disposition or report and recommendation as may be appropriate.

**I.    BACKGROUND**

Plaintiffs commenced this civil action on September 6, 2011, seeking emergency injunctive relief, a permanent injunction, and damages [Doc. 1]. Plaintiff Michael Scott Ward is citizen and resident of Knox County, Tennessee. [Id. ¶ 1]. Plaintiff WeDo Fundraising, Inc. is a Tennessee corporation and Ward is its principal shareholder [Id. ¶ 2]. Plaintiff PrintVenture, Inc. ("PrintVenture") was a Tennessee corporation and Ward was its principal shareholder [Id. ¶ 3].

Ward, WeDo Fundraising, and PrintVenture all conduct business under the trade name Feredonna Communications. [Id. ¶ 4].

The Plaintiffs allege that they collectively developed a successful fundraising campaign for the Knox County Schools. The relationship between the Plaintiffs and Knox County has soured resulting in the instant litigation. The Plaintiffs allege, *inter alia*, trademark and copyright infringement, unfair trade practices, tortious interference, libel, defamation, slander, conversion, and civil extortion. The Plaintiffs seek compensatory and punitive damages along with fees and costs.

On September 27, 2012, Defendant Bacon filed his Motion to Compel [Doc. 68], wherein he states that interrogatories and requests for production were served on Plaintiffs' counsel on or about July 18, 2012. Plaintiffs did not timely respond to the interrogatories and requests for production. Counsel for Defendant Bacon represents that he contacted Plaintiffs' counsel on September 6, 2012, September 19, 2012, and September 20, 2012, but Plaintiffs' counsel did not respond. [Doc. 68 at 1-2]. Defendant Bacon filed the instant motion on September 27, 2012. As of the date of filing, Plaintiffs had not responded to the written discovery, nor had counsel for the Plaintiffs responded to defense counsel's communications. The Court set a telephonic hearing to address the motion.

On October 23, 2012, the parties appeared before the Court telephonically. The Court found that the explanation for the Plaintiffs' non-compliance offered by Plaintiffs' counsel was woefully inadequate. It was noted, however, that Knox County had not yet responded to written discovery propounded on it[1] and that certain documentation relating to the dispute had not been supplied to the Court. Accordingly, the Court set this matter for a hearing on November 20, 2012.

---

[1] Knox County served its responses on October 29, 2012.

On Wednesday, November 14, 2012, counsel for the Plaintiffs sent supplemental discovery responses to counsel for Defendant Bacon. [Doc. 77-1]. Counsel for Defendant Bacon reviewed these responses, and on Friday, November 16, 2012, counsel filed a Supplemental Response Regarding Motion to Compel [Doc. 77], on Defendant Bacon's behalf. This response identified numerous defects in the supplemental responses made by the Plaintiffs. First and foremost, the supplemental materials did not contain the Plaintiffs' tax returns. [Id. 2-3]. In addition, the Plaintiffs' answers were unsigned, contained evasive or confusing responses, and made blanket assertions of attorney-client privilege. [See Id. at 1, 3-7]. On Tuesday, November 20, 2012, the Plaintiffs filed a reply to Defendant Bacon's response. [Doc. 78]. This reply included over a hundred pages of exhibits and was filed less than two hours before the hearing on this matter.

The parties presented for a hearing on this matter on the afternoon of November 20, 2012. Attorney Russell L. Elgi was present representing the Plaintiffs, and Plaintiff Michael Scott Ward was present in the courtroom. Attorneys Robert Watson and Emily Cleveland were present representing Defendant Scott Bacon. Attorney David Buuck was present representing Knox County, Tennessee, and Attorney Pamela Reeves was present representing Defendant Mary Kerr.

## II. APPLICABLE LAW & FINDINGS

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, if a party fails to make a disclosure under Rule 26(a) or fails to respond to discovery, another party may move to compel disclosure or a response. Fed. R. Civ. P. 37(a)(3).

3

"If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). A court may decline to award fees if: (1) the movant did not confer in good faith prior to filing its motion; (2) the noncompliance was substantially justified; or (3) "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

Failure to comply with a court's order regarding discovery may result in further sanctions, including:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2).

The Court finds that the Plaintiffs have failed to respond appropriately to the written discovery served on them by Defendant Bacon. In addition, the Plaintiffs have likely failed to comply with their duty to disclose "a computation of each category of damages claimed" along

4

with "documents . . . on which each computation is based" under Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure. Therefore, the Motion to Compel will be granted.

The Court reviewed each of the Plaintiffs' responses to the Interrogatories and Requests for Production at the hearing held November 20, 2012. Counsel for Defendant Bacon either identified each response as acceptable or stated the components of the response that were missing or defective. Counsel for the Plaintiffs agreed to fully respond to the Interrogatories and Requests for Production in a manner consistent with the feedback from Defendant Bacon's counsel and the Court's own admonitions on or before December 20, 2012. The Court's granting of the Motion to Compel would normally necessitate an award of fees. The Court, however, finds that, although delinquent, Plaintiffs have responded, and in some instances, they have responded to the degree possible. Because Plaintiffs have responded to a degree, agreed to remedy their deficiencies, and fully respond on or before December 20, 2012, an award of fees would be unjust at this juncture.

Notwithstanding the present declination in awarding sanctions, the Court warned Plaintiff Michael Scott Ward and counsel for the Plaintiffs that any further failure to fully comply with this Memorandum and Order and the Federal Rules of Civil Procedure will result in sanctions under Rule 37. The Court reviewed with the parties the possible sanctions ranging from an award of fees or exclusion of evidence to dismissal of this case. The Court is satisfied that Mr. Ward and his attorney are well-aware of the sanctions that will result from non-compliance and will conduct themselves accordingly.

### III. CONCLUSION

Based on the foregoing, the Motion to Compel **[Doc. 68]** is **GRANTED**. Plaintiffs **SHALL** fully respond to the Interrogatories and Requests for Production served upon them by Defendant Bacon on or before **December 20, 2012.** The Court declines to award attorney fees or costs at this time. Any failure to comply with this Memorandum and Order and the Federal Rules of Civil Procedure will result in the Court ordering sanctions as provided for in Rule 37(a)(2)(B) of the Rules of Federal Procedure.

**IT IS SO ORDERED**.

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge