UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MICHAEL SCOTT WARD d/b/a FEREDONNA COMMUNICATIONS, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No.: 3:11-CV-438-TAV-CCS ) |
| KNOX COUNTY BOARD OF EDUCATION, *et al.*, | ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This civil matter is before the Court on Plaintiff's Motion for Leave to File Fourth Amended Complaint [Doc. 126]. Also before the Court is the Motion for Leave to File an Amended Answer of Knox County/Knox County Board of Education to Plaintiffs' Third Amended Complaint [Doc. 130]. Defendants filed a response in opposition to plaintiff's motion to amend the complaint [Doc. 132], and plaintiffs replied in conjunction with responding to defendants' motion to amend their answer [Doc. 142].

Plaintiffs move to amend the complaint a fourth time to assert "newly ripe claims pertaining to continued infringements on Plaintiffs' intellectual property rights that occurred since Plaintiffs last amended their Complaint"—that is, the selling of the coupon book in 2013—and to rejoin Scott Bacon as a defendant based upon defendants' assertions. Defendants filed a response, asserting that the proposed amended complaint is the product of undue delay. Defendants further assert that joinder of Scott Bacon should be addressed via Rule 20 of the Federal Rules of Civil Procedure and that, regardless, all

of the claims against him are futile. In addition, defendants filed a motion to amend their answer to the third amended complaint to "clarify a response" related to Scott Bacon. Defendants assert that this amendment would eliminate any need to rejoin Scott Bacon as a defendant to this lawsuit.

Plaintiffs, in response, assert that they do not oppose defendants' request for leave to amend their answer to plaintiffs' third amended complaint. For that reason, the Court hereby **GRANTS** the Motion for Leave to File an Amended Answer of Knox County/Knox County Board of Education to Plaintiffs' Third Amended Complaint [Doc. 130]. Yet, plaintiffs still desire to amend their complaint to assert claims with respect to similar infringing conduct by defendants in 2013. Thus, the Court must address defendants' argument that the amendment should be denied because of undue delay.

Plaintiffs may amend the complaint at this time only by leave of Court, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave is appropriate "[i]n the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 633 (6th Cir. 2009).

Defendants argue that the amendment should be denied because of undue delay. They assert that granting the amendment would allow plaintiffs to benefit from their

2

Case 3:11-cv-00438-TAV-CCS   Document 159   Filed 07/09/14   Page 2 of 3   PageID #: 2456

continued efforts to delay the resolution of this matter.  More particularly, defendants highlight that the scheduling order in this case originally required that motions to amend be filed by February 3, 2013, but that deadline was extended only as a result of requests for trial continuations.  The Court, though, has found good cause for each of the continuances and correspondingly extended all pretrial deadlines each time it continued the trial [*See, e.g.*, Docs. 115, 123].  Thus, the Court finds that there has been no undue delay in asserting the claims related to 2013.  Moreover, upon review of the proposed amended complaint, the Court finds that the claims related to 2013 relate to the same facts already asserted in the third amended complaint and that defendants will not be prejudiced by their inclusion.

Accordingly, the Court hereby **GRANTS** Plaintiff's Motion for Leave to File Fourth Amended Complaint [Doc. 126] to the extent stated herein.  The Clerk is **DIRECTED** to file the proposed Fourth Amended Complaint [Doc. 142-1] and the corresponding exhibits [Doc. 142-2] upon entry of this order.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE